UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KAELEEN KIRKPATRICK, an individual,

    Plaintiff,

v.

TIGARD-TUALATIN SCHOOL DISTRICT, an Oregon Public School District local government, LENICHTKA REED, an individual, and CAROL KINCH, an individual,

    Defendants.

Case No. 3:24-cv-2007-AR

**OPINION AND ORDER**

**ARMISTEAD, United States Magistrate Judge**

  Nonparty City of Tualatin (the City) moves to quash plaintiff Kaeleen Kirkpatrick's subpoena to produce relevant Tualatin Police Department records under Federal Rule of Civil Procedure 45(d)(3). (ECF 24.) The court has described the facts and claims in this case in a previous ruling (ECF 23) and incorporates them by reference.

  At issue are ten police reports identified by the City as responsive to Kirkpatrick's subpoena. It is the City's position, however, that it is prohibited from releasing those reports

under Oregon's public records laws. Because those reports were referred to either the Washington County Juvenile Court or State of Oregon Department of Human Services (ODHS), the City asserts that Kirkpatrick must subpoena those departments to access the records. (Mot. Quash at 3, ECF 24.) In response, Kirkpatrick argues that the City's motion is untimely and Oregon public records laws cited by the City do not limit the reports' disclosure in discovery. (Resp. at 4-7, ECF 27.)

The City cites no basis or authority for its position, and the court has found none. As the moving party, the City has the burden of persuasion, although Kirkpatrick must demonstrate that the discovery sought is relevant. *Horstman v. City of Hillsboro*, 3:15-cv-00203-PK, 2016 WL 11775606, at *2 (D. Or. Jan. 14, 2016). The public records laws relied on by the City (ORS § 419A.255; ORS § 419A.257; and ORS § 419B.035) do not, on their face, prohibit the City from producing police or incident reports because those reports were ultimately referred to the juvenile court or ODHS. The City does not challenge the relevance of the reports—thus their relevance is not at issue. Given those facts, and the apparent lack of other authority for the City's position, the court finds that the City has not carried their burden.

That said, the court has an independent duty to limit discovery that falls outside the scope permitted by Federal Rule of Civil Procedure 26(b)(1). FED. R. CIV. P. 26(b)(2)(C)(iii); *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 314 (D. Nev. 2019), *aff'd sub nom. V5 Techs., LLC v. Switch, LTD.*, 2020 WL 1042515 (D. Nev. Mar. 3, 2020). Rule 26 permits the discovery of any nonprivileged matter that is relevant and proportional to the needs of the case. And Rule 45(d)(3) directs the court to quash or modify a subpoena that requires disclosure of privileged or other protected matter if no exception or waiver applies.

Page 2 – OPINION AND ORDER
*Kirkpatrick v. Tigard-Tualatin School District, et al.*, 3:24-cv-02007-AR

Although the City does not raise a privilege argument, the court finds that some of the responsive documents are privileged under Oregon's juvenile records privilege law and would therefore be protected from disclosure in state court. Accordingly, Kirkpatrick must modify her subpoena in accordance with this order to protect the identifying information of nonparties (minor children and their adult family members) referenced in the responsive documents.

## LEGAL STANDARD

Federal Rule of Evidence 501 governs privileges asserted in cases involving claims brought under federal law. *Kerr v. United States Dist. Court*, 511 F.2d 192, 197 (9th Cir. 1975), *aff'd*, 426 U.S. 394 (1976); *Breed v. United States Dist. Court for the N. Dist. of Cal.*, 542 F.2d 1114, 1115 (9th Cir. 1976). Here, Kirkpatrick brings claims under federal and state law. The federal common law of privileges thus governs the state claim as well as the federal claim. *Marbet v. City of Portland*, No. CV 02-1448-HA, 2003 WL 23540258, at *6 (D. Or. Sept. 8, 2003).

When applying the federal common law rules of privilege, federal courts should consider the policies underlying the state privileges. *Breed*, 542 F.2d at 1115; *see also Kelly v. City of San Jose*, 114 F.R.D. 653, 656 (N.D. Cal. 1987) ("As a matter of comity, federal courts should attempt to ascertain what interests inspire relevant state doctrine and should take into account the views of state authorities about the importance of those interests.").

## DISCUSSION

Kirkpatrick is correct that Oregon's public records laws are not a restriction on a discovery but "an exception to the rule that every person has a right to inspect the records of any public body." *Brown v. State of Or., Dep't of Corr.*, 173 F.R.D. 262, 264 (D. Or. 1997). Generally,

Page 3 – OPINION AND ORDER
*Kirkpatrick v. Tigard-Tualatin School District, et al.*, 3:24-cv-02007-AR

records that are "confidential and not subject to public inspection" under Oregon law are confidential and exempt from public disclosure, but not necessarily privileged against discovery. *See Kahn v. Pony Express Courier Corp.*, 173 Or. App. 127, 142 (2001). That is because Oregon courts "follow[] the federal view that evidentiary privileges should be strictly construed." *Dodele v. Conmed, Inc.*, 2014 WL 60361, at *2 (D. Or. Jan. 7, 2014); *Kahn*, 173 Or. App. at 142 ("We are mindful of the principle that [e]videntiary privileges in litigation are not favored.") (citing *Herbert v. Lando*, 441 U.S. 153 (1979) and *Univ. of Pa. v. EEOC*, 493 U.S. 182 (1990)).

Even so, the Oregon Court of Appeals held in *Kahn* that ORS § 419A.255(2) establishes a limited statutory privilege for juvenile court records related to a child's history and prognosis that applies generally, including to discovery disputes between two parties in litigation. 173 Or. App. at 141-42; *see also Doe v. Kirk*, No. CV 02-104-KI, 2003 WL 23531403, at *2 (D. Or. Jan. 29, 2003) (holding that any records of plaintiff's "history and prognosis" were privileged under ORS § 419A.255). That privilege applies "regardless of [the] location" of the records. *Matter of S. J.*, 316 Or. App. 537, 545 (2021). *Kahn* defines so-called "history and prognosis records" as any records "containing information about a child's medical, psychological, and personal and family background and predicted future condition or status." 173 Or. App. at 141-42. Records that fall outside of that ambit but within the scope of another public records law remain confidential but are not privileged or protected from discovery. *Kahn*, 173 Or. App. at 142 (holding that child abuse reporting records are confidential but not privileged under ORS § 419B.035 unless they relate to a child's history and prognosis within ORS § 419A.255).

The responsive documents are incident reports created by the City of Tualatin's police department and do not originate with the juvenile court or department, the Oregon Youth

Authority, or ODHS. But as the City asserts, all of those reports were referred to the Washington County Juvenile Court and ODHS. It is this court's view that the privilege described in ORS § 419A.255 would therefore attach in state court for those records. *See Matter of S. J.*, 316 Or. App. at 550 ("[I]f any 'history and prognosis' material is located in either the supplemental confidential file or the record of the case, the privilege attaches to this material, and it applies regardless if these same materials exist in duplicate elsewhere.").

Still, the federal common law applies, and the court is not bound by state privilege law. *See Gonzalez v. Spencer*, 336 F.3d 832, 835 (9th Cir. 2003*), abrogated on other grounds by Filarsky v. Delia*, 566 U.S. 377,132 (2012) (observing that the district court could have ordered disclosure of juvenile court records notwithstanding California law limiting their disclosure). The court has identified only one case in which the district court applied Oregon's juvenile record privilege law despite the federal common law of privilege controlling, and it did so without any discussion. *See Doe*, 2003 WL 23531403, at *2. Accordingly, the court declines to create a new evidentiary privilege here. *University of Pa.*, 493 U.S. at 189 (acknowledging the court's ability to develop common law privileges but declining "to exercise that authority expansively").

Despite declining to apply Oregon's privilege law, "constitutional and prudential considerations suggest that courts should carefully assess any attempt to compel disclosure of confidential juvenile court files." *Doe No. 59 v. Santa Rosa City Sch.*, 3:16-CV-01256-WHO, 2017 WL 11837754, at *1 (N.D. Cal. Mar. 1, 2017) (citing 23 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5428, at 817 (1980); *see also Fox v. City of Tulare*, 2013 WL 12086297, at *3 (E.D. Cal. July 24, 2013) ("comity requires that this law be respected if at all possible"). It is reasonable to extend those considerations to police reports

Page 5 – OPINION AND ORDER
*Kirkpatrick v. Tigard-Tualatin School District, et al.*, 3:24-cv-02007-AR

containing sensitive information about minor children, especially in light of those minor children's privacy interests.

ORS § 419A.255(2) reflects the state's important interest in protecting the privacy of minors and their families. Although the City did not carry its burden in its motion to quash, the court exercises its authority to modify the subpoena in keeping with the spirit of Oregon's privilege law. Doing so will not infringe on Kirkpatrick's interests or ability to prove her claims.

## CONCLUSION

For the above reasons, the City's motion is therefore GRANTED in part and DENIED in part. The City must produce the documents in accordance with the parties' stipulated protective order. In addition, Kirkpatrick must modify the subpoena as follows:

- The names of all minor children and minor children's nonparty family members must be redacted and replaced with initials. Any identifying information—including Social Security numbers, dates of birth, addresses, phone numbers, *etc.*— must be redacted.

- Although Kirkpatrick concedes that she is not seeking any body-worn camera footage, the modified subpoena should state that body-worn camera footage need not be produced.

Given that the City will need time to review and redact the responsive documents in accordance with this order, as well as identify any additional documents compelled by the subpoena, the City is required to produce the documents by November 28, 2025.

DATED: November 19, 2025

_____
JEFF ARMISTEAD
United States Magistrate Judge